*431 OPINION.
Phillips:
It is not disputed that the taxpayer and the Arrow Motor Realty Co. were entitled to file a single return for the year involved. The principal contention of the taxpayer is that certain amounts advanced to the Arrow Company, for which stock was issued at the time a statutory merger of the two took place, were invested capital during the taxable year, and not borrowed capital as treated by the Commissioner.
The evidence discloses that for some six years these loans were evidenced by promissory notes upon which interest was credited monthly. To overcome this petitioner’s counsel point to the uniform practice of the stockholders in making advances in accordance with stockholdings and to the testimony of one of the stockholders, who stated that he considered the advances not as loans but as a permanent investment for which stock would be issued “ after we got it going.” This is entirely consistent with the ruling of the Commissioner that such advances were borrowed capital until the stock was issued, and upon the entire record we are not convinced that such ruling was erroneous.
In its return petitioner treated the amounts so advanced as invested capital and in computing its net income failed to take any deduction for interest accrued and credited thereon. In eliminating these advances from invested capital the Commissioner overlooked the interest item and failed to allow it as a deduction. This is clearly error.
The adjustment of invested capital by a pro rata amount of the income and profits taxes of the preceding year is in accord with section 1207 of the Revenue Act of 1926, and the determination of the *432 Commissioner in this respect must be approved. Russel Wheel & Foundry Co., 3 B. T. A. 1168.
Decision redetermining the deficiency will be entered on 10 days’ notice, v/nder Rule 50.